THE appellant issued his execution on a judgment on which the sheriff returned that he had sold four slaves, and that John Mason became the purchaser at three months’ credit, the sale being in the month of September 1819, and the purchaser gave bond with security. Ori this sale bond an execution issued the 10th of December 1819. The endorsement on v ljich, to take bank paper was continued, ami it was levied, and the obligors gave a delivery bond, under the act of assembly of the session 1819, which suspended sales for 60 days. This bond was not complied with on the day of sale, and thereon an execution issued, still endorsed, which was replevied under the statute giving further indulgence for one year. This replevin bond and the execution under which it was taken, which issuedon the delivery bond, wasquashed by order of the court at the July term, 1820, on motion of the plaintiff. On a subsequent day of the same term the plaintiff made a motion to quash aud set aside the sale of the slaves and sale bond, which was overruled. He immediately made a motion to quash the sheriff’s return on the first execution issued on the original judgment. This motion was sustained, and the return quashed accordingly. After this, the plaintiff below, now appellant, pursued the. purchaser no further, but conceiving himself,at liberty by the quashal of the sheriff’s return, !o resort to his original judgment, issued his execution thereon against the original debtors, still endorsed, which was replevied, and the replevin bond returned and execution issued thereon, ’J'Jiis execution on the judgment, the replevy bond ta *117 ken in pursuance thereof, and the execution issued on that bond were then at the February term 182!, all quashed on motion of the defendants and security.
Quashing a cutio°_ that" he has sold tlle property a"datakelf bond for the paymert of ^"peVsef set aside the sale, or quash pe®¡ay" ’ es" where the court had re-a° order setting aside the sale but left it to era<ionofthé quashal of the sheriff’s
°f ider execution to the f'u'l amount a"kea fr° m the purchas, er,which fact a¿s¡s°a bar to’any execution on the original tbeSbinapremainingin force not, retuJ,nis quashed,
2. From this decision, this appeal is prosecuted, and the main question now is, was the appellant bound to purspe the purchaser and securities on the delivery bond, which had not been quashed, and not be entitled to the benefit of his original judgment ; or did the quashal of the return on the first execution, per se. so vacate and quash the sale bond and delivery bond, as to allow a new execution on the original judgment against the debtor? It is evident, from the record, that the sale and delivery bond had not. been quashed by express order, and the court had expressly refused to annul the sale. What then, is the effect of quashing the sheriff’s return alone ? It is true, that the return on an execution, that the debt is paid, and under our sta tute, that it is replevied, in every case where, as in this case, the right of replevin is not questioned, satis. fies and discharges it. By the return, both parties are concluded, and it is that which regularly and usu. ally extinguishes the force of the judgment; and it is also generally true, that the removai of this obsfruetion/by destroying the return, lets the execution again loose. To quash a return, is to destroy the effect which the law gives it. But it is equally true, the return of an officer, is not the only bar to a judgment. A remittitur may be entered on record, and thereby the judgment is equally laid asleep. It may also be assumed as true, that any entry op record, which shews that the party has a substitute for his judgment, or which proves that he ought not to prq ceed further, will silence its force. Here there is a bond, in fact, returned, taken from a purchaser in lieu of the judgment. It is unnecessary now to decide the question, whether the bare existence of such a pa. per, with the execution, could operate as a discharge, without the return of the officer verifying its being ta ken under the execution. There may be strong rea so ns against this, as the bond may be held by the par ty himself and is no where recorded. But this case is widely different. Here the existence of the sale is entered on record ; the court has judicially noticed it, and decided, (immaterial in this case w hether right, fully or wrongfully,) that it is a valid bond to dig. *118 charge this judgment, and that decision as strongly verifles and acknowledges the bond as the return on the execution can do. The fact jsjudicially there, without the return, that a valid sale has been made, and an adequate bond taken in discharge of the judgment. And although the return is the valid and usual evidence to shew a judgment discharged, yet it is not the only evidence. The decision of the court on the validity of the bond, is equally strong, and unless the appellant could have removed that, it proves as much against him as the return itself can do, and although he has removed the return, enough is left to shew that he ought not to he allowed to go back and pursue the original debtor, whose property has already been sold in discharge of his claim.
The judgment is therefore affirmed with costs.